Citation Nr: 1508834 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 11-29 718 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to service connection for residuals of a right hand injury.


REPRESENTATION

Appellant represented by: New York State Division of Veterans' Affairs


ATTORNEY FOR THE BOARD

S. Stanley, Associate Counsel







INTRODUCTION

The appellant is a Veteran who served on active duty from September 1961 to January 1964. This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision by the New York, New York Department of Veterans Affairs (VA) Regional Office (RO). In November 2013 and September 2014, the Board remanded the matter for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

This matter was first before the Board in November 2013 when it was remanded for further development. It was again before the Board in September 2014 and the Board again remanded the matter for further development. As will be discussed in greater detail below, the AOJ failed to comply with the Board's remand directives. Thus, while the Board regrets the additional delay, this matter must be remanded for further evidentiary development. Stegall v. West, 11 Vet. App. 268 (1998).

The September 2014 Board remanded noted that the Veteran has reported that since injury in service, he has experienced pain and weakness in his right hand, particularly during cold weather. On January 2014 VA examination, the examiner noted the Veteran's complaints of occasional numbness and stiffness, particularly with weather changes. The January 2014 VA examiner did not explicity acknowledge the presence of a right hand disability, but also did not exclude that there may be one. 

In the September 2014 Board remand, the Board requested an additional medical opinion to clarify any diagnosis in light of the Veteran's continued complaints of weakness and stiffness in his right hand. The Board specifically requested an examiner identify by diagnosis each current right hand disability found and if no disability is diagnosed, that the examiner reconcile that conclusion with the Veteran's reports of weakness, pain, and stiffness in his right hand. 

On September 2014 VA examination, the examiner noted that the Veteran reported that his right hand gets numb during the winter months or when gripping, but no other pain. The examiner found that there is no current diagnosis for a right hand/finger disability claimed by the Veteran, that the Veteran has rull range of motion, and there is no objective limitation of function. However, the examiner failed to address the Boards request that this conclusion be reconciled with the Veteran's reports of right hand pain, weakness, and numbness. Thus, an addendum medical opinion is necessary. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should return the record to the VA examiner who conducted the September 2014 VA hand examination for an addendum opinion to reconcile the September 2014 VA examination report (which found no diagnosis of a current right hand disability) with the Veteran's reports of right hand pain, weakness, and numbness with flare-ups occurring during the colder months. 

If the September 2014 examiner is unavailable, the AOJ should arrange for another appropriate provider to review the record and provie the opinion sought. 

2. The AOJ should then review the record and readjudicate the claim on appeal. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case (SSOC) and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. Graham
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).